# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# CASE NO.: 1:09-CV-00171-TBR

**PATRICIA ANN SLATER**                                                        **PLAINTIFF**

v.

**KENTUCKY TRANSPORTATION CABINET**                  **DEFENDANT**

## MEMORANDUM OPINION

This matter is before the Court on Defendant, Kentucky Transportation Cabinet's, Motion to Dismiss (DN 4). Plaintiff has filed a response (DN 8). Defendant has filed a reply (DN 11). This matter is now ripe for adjudication. For the following reasons, Defendant's motion is GRANTED.

## BACKGROUND

Plaintiff, Patricia Ann Slater, is employed by the Defendant, Kentucky Transportation Cabinet ("Cabinet"). Plaintiff is employed as a highway laborer at the Metcalfe County Maintenance Facility and has been employed by the Cabinet since September 31, 1999, when she began work at the Toll Plaza located in Metcalfe County. Plaintiff was hired as a full-time employee on July 16, 2001, and was promoted to Toll Attendant on January 26, 2002. On June 16, 2003, after closure of the Toll Plaza, Plaintiff was placed at the Metcalfe County Maintenance Facility as a highway laborer.

In September of 2004, Anthony "Buddy" Knipp, a new highway superintendent became Plaintiff's supervisor. Plaintiff alleges approximately one month before Knipp became the superintendent, Knipp and Coy Pennington told Tim Sparks, the previous supervisor, and Tim Edwards, the assistance supervisor, that the first thing they would do after they were promoted would be to get rid of the women because they are useless.

Plaintiff alleges that following the promotion of Knipp to superintendent there began a consistent and continuous pattern of gender discrimination directed at women and Plaintiff specifically in retaliation for her complaints with regard to different treatment as to job duties, promotions, overtime, and the hostile, harassing and demeaning treatment of women. Plaintiff alleges the pattern of gender discrimination has continued to the present.

Specifically, Plaintiff alleges on December 22, 2004, Tony Perkins, Plaintiff's supervisor at the Toll Plaza, slapped Plaintiff across the face. Plaintiff states she promptly made a report. The next day, Plaintiff states Knipp assigned Plaintiff and Perkins to clean the maintenance barn together where they worked alone which intimidated Plaintiff and caused her fear and anxiety. After the holiday break, Plaintiff states she was assigned to ride alone in the truck with Perkins on December 28, through December 30, 2004. She allegedly was assigned to ride with Perkins in January of 2005 as well.

Plaintiff alleges another female employee, Fay Clemmons, had also been slapped by Perkins on two different occasions prior to Perkins slapping Plaintiff. Clemmons was also allegedly kicked by a co-worker on her buttocks near her tail bone on August 9, 2006. Plaintiff also states she was written up for failing to show respect to Pennington, a co-worker, in January of 2005.

Plaintiff further alleges there was an unhealthy work environment. She alleges she was assigned to pick up liter in freezing weather and in June of 2005 workers were assigned to an area known to be infested with ticks after another employee sought medical attention for possible lime disease.

Plaintiff alleges that in April of 2006, she was transferred to Allen County where she was encouraged to obtain a commercial driver's license ("CDL") in order to be eligible for promotion.

2

Plaintiff alleges her treatment while attempting to obtain her CDL was different than the treatment of male employees.

Plaintiff filed her complaint in this action on December 19, 2009. Plaintiff asserts a claim for gender discrimination based on deprivation of employment opportunities, harassment, and retaliation under the Kentucky Civil Rights Act, Kentucky Revised Statutes § 344; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2; and 42 U.S.C. § 1981a. Plaintiff also asserts a fourth claim for intentional infliction of emotional distress.

Defendant has now moved the Court to dismiss the complaint for improper service and failure to state a claim for which relief can be granted.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

The "[f]actual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965 (internal citation and quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A plaintiff must allege sufficient factual allegations to give the defendant fair notice concerning the nature of the claim and the grounds upon

3

which it rests. *Id.* at 1965. Additionally, "the conclusory nature of particular allegations cannot alone justify dismissing a complaint." *Back v. Hall*, 537 F.3d 552, 558 (6th Cir. 2008) (dismissal not appropriate although one essential element of the claim was pled in a conclusory manner).

**DISCUSSION**

First defendant asserts the complaint should be dismissed based on failure of the Plaintiff to serve the defendant in manner set forth in Kentucky state law. Plaintiff has cured this defect and Defendant has acknowledged proper service. (DN 11 at 1.) Defendant next asserts Plaintiff's Federal Title VII claim and 42 U.S.C. § 1981 claims must be dismissed for failure to state a claim on which relief can be granted.

**I. Plaintiff's Title VII Claim**

Defendant argues Plaintiff's Federal Title VII claims must be dismissed because Plaintiff has failed to exhaust her administrative remedies before the Equal Employment Opportunity Commission ("EEOC") and has failed to received a "right to sue" letter from the EEOC. In the alternative, Defendant asserts the claim is barred as the time period within which to file a claim before the EEOC has expired.

"Before filing a Title VII claim, a plaintiff must receive a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC) and then file suit within ninety days after receiving the right-to-sue letter." *Mayers v. Sedgwick Claims Management Services, Inc.*, 101 Fed. App'x 591, 593 (6th Cir. 2004) (citing 42 U.S.C. § 2000e-5(e) and (f); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974)). Plaintiff in this case has not alleged or provided any evidence that a claim has been brought before the EEOC or that the EEOC has provided a "right to sue" letter to Plaintiff. Plaintiff only states in her response that she has elected to proceed with a judicial remedy as opposed

4

to an administrative one. Plaintiff cites Kentucky case law recognizing that a plaintiff may elect his or her remedies. However, this is a federal question, concerning a federal statute, in a federal court making Kentucky case law merely persuasive, while Sixth Circuit case law is binding. The Court finds Plaintiff's Title VII claim must be dismissed for failure to exhaust her administrative remedies and receive a "right to sue" letter from the EEOC.

Defendant also asserts Plaintiff's claim is barred by the time period to bring a claim before the EEOC. The applicable statute states:

> A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

42 U.S.C. §200e-5(e)(1).

Defendant argues the incidents alleged in the complaint took place in 2004 through 2006. Defendant argues these incidents are all outside the three hundred day time period for filing an administrative complaint. While the Court agrees that the specific incidents alleged in the complaint are barred from review by the EEOC, Plaintiff also alleges an "consistent continuous pattern of gender discrimination" that "has continued until the current time." (DN 1 at 2.) Based on this allegation the Court will dismiss the Title VII claim without prejudice so that Plaintiff may file an administrative complaint before the EEOC regarding any incidents that are not barred by the

5

applicable time period. *Lebron-Rios v. U.S. Marshal Service*, 341 F.3d 7, 14 (1st Cir. 2003) (dismissal without prejudice proper where period for filing before EEOC has not yet run).

**II. Plaintiff's Section 1981 Claim**

Defendant argues Plaintiff's section 1981 claim must be dismissed because Plaintiff fails to allege sufficient facts. Defendant specifically states the complaint does not mention race as the basis for any of the acts nor does it allege Plaintiff is a member of a protected class. In the alternative, Defendant asserts the claim is barred by the applicable statute of limitations.

Plaintiff argues the "Complaint inadvertently states the claim is brought pursuant to . . . §1981 . . .[and that the complaint] should correctly state . . . § 1983." (DN 8 at 3.) Plaintiff has not amended her complaint in order to correct this error.[1] Without addressing Defendant's assertion that Plaintiff has failed to sufficiently plead the elements of either of these claims, the Court finds both the section 1981 claim and the alleged claim under section 1983 are barred by the Eleventh Amendment.

An arm of the state is immune from suit under the Eleventh Amendment as "it is well-settled that a plaintiff is precluded from directly suing a State in federal court on [section 1981 and 1983] claims." *Johnson v. University of Cincinnati*, 215 F.3d 561, 571 (6th Cir. 2000). The Kentucky Transportation Cabinet is a central state agency pursuant to Kentucky Revised Statute Section 12.020. As an arm of the state, the Cabinet is immune from suit under both section 1981 and 1983. Plaintiff's claims against the Cabinet pursuant to either section 1981 or 1983 are dismissed with prejudice.

---

[1] The Court reminds Plaintiff a pleading may be amended "once as a matter of course . . . before being served with a responsive pleading." Fed. R. Civ. P. 15.

### III. Supplemental Jurisdiction

Congress, in 28 U.S.C. § 1367, provided the federal courts with supplemental jurisdiction to hear cases over which the courts do not have original jurisdiction but which are "so related to the claims in the action within such original jurisdiction that they from part of the same case or controversy." 28 U.S.C. § 1367(a). However, the district courts may decline to exercise supplemental jurisdiction when the court has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

In this case, Plaintiff asserted four claims, two of which were federal questions over which the Court had original jurisdiction. Both of those claims have been dismissed. The remaining two claims arise under Kentucky state law. It is very early in the case and no substantial preparation, or expenditure of time, effort, and money has gone into developing these state law claims before the Court. *See* 28 U.S.C. § 1367, Commentary on 1988 Revision, David Siegel. Therefore, the Court declines to exercise supplemental jurisdiction over these claims and therefore dismisses the claims without prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's motion is GRANTED. Plaintiff's Title VII claim is dismissed without prejudice. Plaintiff's section 1981 claim is dismissed with prejudice. Plaintiff's claims under the Kentucky Civil Rights Act and for intentional infliction of emotional distress survive; however, the Court declines to exercise supplemental jurisdiction. All claims against Defendant Kentucky Transportation Cabinet are dismissed. An appropriate order shall issue.